**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(Kansas City Docket)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LORENZO BLACK, ) | Case No. 16-20032-01/06-JAR-TJJ |
| KARL CARTER, ) | |
| a.k.a. "KC," ) | |
| ANTHON AIONO ) | |
| a.k.a. "THE SAMOAN," ) | |
| ALICIA TACKETT ) | |
| a.k.a. "ALICIA STANFIELD," ) | |
| a.k.a. "ALICIA ROWLETTE," ) | |
| CATHERINE ROWLETTE ) | |
| a.k.a. "CATHY," ) | |
| DAVID BISHOP, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning in and around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas and elsewhere, the defendants,

**LORENZO BLACK,
KARL CARTER a.k.a. "KC,"
ANTHON AIONO a.k.a. "THE SAMOAN,"
CATHERINE ROWLETTE a.k.a. "CATHY," and
DAVID BISHOP,**

and others known and unknown, knowingly and intentionally conspired to distribute and to possess with the intent to distribute, methamphetamine, a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846.

### COUNT TWO

Beginning in and around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas and elsewhere, the defendants,

**LORENZO BLACK,**
**ANTHON AIONO a.k.a. "THE SAMOAN,"**
**CATHERINE ROWLETTE a.k.a. "CATHY," and**
**DAVID BISHOP,**

contrary to 28 C.F.R. § 6.1 and the rules promulgated by Corrections Corporation of America under the supervision of the United States Marshals Service, provided and to attempted to provide methamphetamine, its salts, isomers, and salts of its isomers, to Karl CARTER a.k.a. "KC," S.R., and others known and unknown, all of whom were inmates of Corrections Corporation of America (CCA), a prison in Leavenworth, Kansas, a facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(1), and 2.

## COUNT THREE

Beginning in and around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas and elsewhere, the defendants,

**LORENZO BLACK,**
**ANTHON AIONO a.k.a. "THE SAMOAN,"**
**ALICIA TACKETT a.k.a. "ALICIA STANFIELD" and "ALICIA ROWLETTE,"**
**CATHERINE ROWLETTE a.k.a. "CATHY," and**
**DAVID BISHOP,**

contrary to 28 C.F.R. § 6.1 and the rules promulgated by Corrections Corporation of America under the supervision of the United States Marshals Service, provided and to attempted to provide a synthetic drug, which is an object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual, to Karl CARTER a.k.a. "KC," S.R., and others known and unknown, all of whom were inmates of Corrections Corporation of America (CCA), a prison in Leavenworth, Kansas, a facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(5), and 2.

## COUNT FOUR

Beginning in and around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas and elsewhere, the defendants,

**LORENZO BLACK,**
**ANTHON AIONO a.k.a. "THE SAMOAN,"**
**ALICIA TACKETT, a.k.a. "ALICIA STANFIELD" and "ALICIA ROWLETTE,"**
**CATHERINE ROWLETTE a.k.a. "CATHY," and**
**DAVID BISHOP,**

contrary to 28 C.F.R. § 6.1 and the rules promulgated by Corrections Corporation of America under the supervision of the United States Marshals Service, provided and to attempted to provide tobacco, which is an object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual, to Karl CARTER a.k.a. "KC," S.R., and others known and unknown, all of whom were inmates of Corrections Corporation of America (CCA), a prison in Leavenworth, Kansas, a facility in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, in violation of Title 18, United States Code, Sections 1791(a)(1), (b)(5), and 2.

## COUNT FIVE

Beginning in and around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas, the defendant,

**KARL CARTER a.k.a. "KC,"**

an inmate of Corrections Corporation of America, a prison in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, possessed, obtained, or attempted to obtain, a prohibited object, methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 18, United States Code, Section 1791(a)(2), (b)(1), and 2.

## COUNT SIX

Beginning in and around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas, the defendant,

### KARL CARTER a.k.a. "KC,"

an inmate of Corrections Corporation of America, a prison in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, possessed, obtained, or attempted to obtain, a prohibited object, a synthetic drug, which is an object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual, in violation of Title 18, United States Code, Section 1791(a)(2), (b)(5), and 2.

## COUNT SEVEN

Beginning in and around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas, the defendant,

### KARL CARTER a.k.a. "KC,"

an inmate of Corrections Corporation of America, a prison in which persons are held in custody by direction of and pursuant to a contract and agreement with the Attorney General, possessed, obtained, or attempted to obtain, a prohibited object, tobacco, which is an object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual, in violation of Title 18, United States Code, Section 1791(a)(2), (b)(5), and 2.

## COUNT EIGHT

Beginning in and around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas, the defendant,

### ANTHON AIONO a.k.a. "THE SAMOAN,"

corruptly accepted and agreed to accept a thing of $5000 or more in value from a person, intending to be influenced and rewarded in connection with a transaction and series of transactions pertaining to his employment at Corrections Corporation of America.

At all times material to this indictment, Corrections Corporation of America was an organization that received federal assistance in excess of $10,000 during the one-year period beginning April 2015 and ending April 2016. ANTHON AIONO was an agent of Correction Corporation of America, who served as a correctional officer at the Corrections Corporation of America facility in Leavenworth, Kansas.

This was done in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT NINE

Beginning in and around September 2015, and continuing until on or about April 8, 2016, in the District of Kansas, the defendants,

**LORENZO BLACK,
KARL CARTER,
ALICIA TACKETT a.k.a. "ALICIA STANFIELD" and "ALICIA ROWLETTE,"
CATHERINE ROWLETTE a.k.a. "CATHY," and
DAVID BISHOP,**

corruptly gave, offered, and agreed to give a thing of $5,000 or more in value to any person intending to influence and reward the operations of Corrections Corporation of America in connection with a transaction and series of transactions of Corrections Corporation of America.

At all times material to this indictment, Corrections Corporation of America was an organization that received federal assistance in excess of $10,000 during the one-year period beginning April 2015 and ending April 2016. ANTHON AIONO was an agent of Correction Corporation of America, who served as a correctional officer at the Corrections Corporation of America facility in Leavenworth, Kansas.

This was done in violation of Title 18, United States Code, Sections 666(a)(2) and 2.

5

## COUNT TEN

Beginning on or about January 17, 2014, and continuing until in or around April 2016, in the District of Kansas and elsewhere, the defendant,

**ALICIA TACKETT**
**a.k.a. "ALICIA STANFIELD" and "ALICIA ROWLETTE,"**

knowingly combined, conspired, and agreed with another person, S.R., to commit offenses against the United States in violation of Title 18, United States Code, Section 1956(h), that is, knowingly conducted and attempted to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activity, that is, conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

This was all done in violation of Title 18, United States Code, Section 1956(h).

## MANNER AND MEANS

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

1. On September 5, 2012, S.R. purchased a residence at 6544 Sni-A-Bar Road in Kansas City, Missouri. S.R. paid for the residence with proceeds from distribution of methamphetamine.

2. On December 4, 2013, S.R. was charged by indictment with, among other things, conspiracy to distribute more than 50 grams of methamphetamine in the District of Kansas. On

December 22, 2013, S.R. was arrested pursuant to the indictment, and S.R. remains in custody to date.

3.      Between January 2014 and April 2016, ALICIA TACKETT, resided at the residence at 6544 Sni-A-Bar Road in Kansas City, Missouri.

4.      On January 17, 2014, S.R. signed a warranty deed in the presence of a notary public. The warranty deed purportedly conveyed the residence at 6544 Sni-A-Bar Road in Kansas City, Missouri to S.S., ALICIA TACKETT's mother, for "one dollar and other valuable consideration."

5.      On March 21, 2014, ALICIA TACKETT registered the warranty deed with the Jackson County Court. Specifically, ALICIA TACKETT paid the processing fee to the Jackson County Courthouse, and ALICIA TACKETT kept the receipt from that transaction in the residence at 6544 Sni-A-Bar Road in Kansas City, Missouri.

6.      On April 20, 2016, law enforcement agents interviewed S.S. S.S. stated that she did not, in fact, give any consideration for the residence at 6544 Sni-A-Bar Road in Kansas City, Missouri nor did S.S. have any knowledge that the property had been conveyed to her.

7.      The purpose of the fraudulent conveyance of the residence at 6544 Sni-A-Bar Road in Kansas City, Missouri to S.S. was to conceal and disguise the ownership and control of the residence.

## COUNT ELEVEN

In or about January 2014, in the District of Kansas, the defendant,

**ALICIA TACKETT,**
**a.k.a. "ALICIA STANFIELD" and "ALICIA ROWLETTE,"**

knowingly used in or affecting interstate or foreign commerce, without lawful authority, a means of identification of another person, that is, the name of S.S., knowing that the means of identification belonged to another actual person, with the intent to commit, or to aid or abet, or in

7

connection with, any unlawful activity that constitutes a violation of Federal law, that is, conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h), and the offense was committed to facilitate a drug trafficking crime as defined in section 929(a)(2).

This was done in violation of Title 18, United States Code, Sections 1028(a)(7), (b)(3)(A), and 2.

A TRUE BILL.

Dated:  May 4, 2016                                        s/Foreperson_____
                                                                              FOREPERSON

s/D. Christopher Oakley_____
Kan. S. Ct. No. 19248
THOMAS E. BEALL
Acting United States Attorney
District of Kansas
444 SE Quincy, Suite 290
Topeka, KS  66683
TEL    (785) 295-2850
FAX    (785) 295-2853
tom.beall@usdoj.gov
Kan. S. Ct. No. 19929

(It is requested that trial of the above captioned case be held in Kansas City, Kansas.)

## PENALTIES

Count 1:   21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 and 18 U.S.C. § 2
Conspiracy to distribute and possess with intent to distribute methamphetamine

- NMT 20 years imprisonment;
- NMT $1,000,000.00 fine;
- NLT 3 years supervised release; and
- $100.00 special assessment fee.

If the defendant has a prior conviction for a felony drug offense the penalties are:

- NMT 30 years imprisonment;
- NMT $2,000,000.00 fine;
- NLT 6 years supervised release; and
- $100.00 special assessment fee.

Counts 2, 5:   18 U.S.C. § 1791
Providing or Possessing Contraband in Prison

If the contraband is methamphetamine, its salts, isomers, and salts of isomers:

- NMT 20 years imprisonment;
- NMT $250,000 fine;
- NLT 3 years supervised release; and
- $100.00 special assessment fee.

Counts 3-4, 6-7:   18 U.S.C. § 1791
Providing or possessing Contraband in Prison

If the contraband is any object that threatens the order, discipline, or security of a prison:

- NMT 6 months imprisonment;
- NMT $100,000.00 fine;
- NMT 1 year supervised release; and
- $25.00 special assessment fee.

Counts 8-9:   18 U.S.C. § 666
Giving, Offering, Accepting, or Agreeing to Accept a Bribe

- NMT 10 years imprisonment;
- NMT $250,000.00 fine;
- NMT 3 year supervised release; and
- $100.00 special assessment fee.

Count 10:   18 U.S.C. § 1956(h)
            Conspiracy to engage in money laundering

- NMT 20 years imprisonment;
- NMT $250,000.00 fine;
- NMT 3 year supervised release; and
- $100.00 special assessment fee.

Count 11:   18 U.S.C. § 1028(a)(7)
            Identity Theft

- NMT 20 years imprisonment;
- NMT $250,000.00 fine;
- NMT 3 year supervised release; and
- $100.00 special assessment fee.