**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                                        )<br>            Plaintiff,                          )<br>                                                        )<br>       v.                                             )<br>                                                        )<br> LORENZO BLACK,                        )<br> KARL CARTER,                            )<br> ANTHON AIONO,                         )<br> ALICIA TACKETT, and               )<br> CATHERINE ROWLETTE,           )<br>                                                        )<br>            Defendants.                       )<br> _____ ) | Case No. 16-CR-20032-JAR<br><br>Government's Motion to Quash the Special Master's Subpoena *Duces Tecum* and Testimonial Subpoenas to USAO Employees; Objections to and Motion to Vacate Special Master's "Order of Production"; Memorandum of Points and Authorities; Affidavit of Steven D. Clymer; Exhibits |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the Special Master Investigation, hereby moves this Court to quash (a) the special master's subpoena *duces tecum* demanding production of specified documents and materials on or before January 2, 2018; and (b) the special master's testimonial subpoenas requiring that certain present and former employees of the United States Attorney's Office for the District of Kansas testify at the January 18, 2018 hearing. The United States also objects to and moves the Court to vacate the special master's "Order of Production," which duplicates the demands in the subpoena *duces tecum*.

This motion is based on Rule 17(b)(2) of the Federal Rules of Criminal Procedure, the files and records of this case, and the attached memorandum of points and authorities, affidavit of Steven D. Clymer, and exhibits.    .

                Respectfully submitted,

                Steven D. Clymer
                Special Attorney for the United States

Case 2:16-cr-20032-JAR   Document 335   Filed 12/18/17   Page 2 of 12

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## Introduction

The United States of America hereby moves this Court to quash subpoenas issued by the special master and to vacate a duplicative "Order of Production." These remedies are required because compliance with the subpoenas would be unreasonable and oppressive. Further, the subpoenas and order demand production of documents and testimony that are not relevant to the case or controversy before this Court; are privileged and inadmissible; and are not specific. These subpoenas are being used as a discovery or investigatory device, not to secure identified relevant and admissible evidence or testimony as Rule 17 requires. In addition, as is explained the Memorandum of Points and Authorities in the "Government's Motion to Terminate 'Phase III' of the Special Master's Investigation," which is hereby incorporated into this Memorandum, the judicial inquiry on which the subpoenas and production order are based is beyond the authority of a federal district court, lacking factual predication, and unnecessary.

Government counsel respectfully requests that the Court rule on this motion in advance of the January 2, 2018 production date specified in the special master's subpoena *duces tecum* and Order of Production.

## II

## Background[1]

On or about December 4, 2017, the court-appointed special master in this case did the following:

---

[1] The government hereby incorporates the "Background" in Memorandum of Points and Authorities in the "Government's Motion to Terminate 'Phase III' of the Special Master's Investigation," along with the supporting Affidavit of Steven D. Clymer and the exhibits.

1. Issued a subpoena *duces tecum* directed to government counsel demanding production on or before January 2, 2018, of 13 categories of documents and material [Exhibit 4];

2. Filed an "Order of Production" [Docket #317] that makes the same demands as the subpoena *duces tecum*;

3. Issued subpoenas for testimony at a hearing on January 18, 2018, to seven present and former employees of the United States Attorney's Office for the District of Kansas ["USAO"], each of which is accompanied by a summary of testimony sought from the subpoenaed witness, as required by 28 C.F.R. § 16.23(c) [Exhibits 5A through 5G]. Specifically, the following persons are named in these subpoenas: (a) United States Attorney Thomas Beall, First Assistant United States Attorney Emily Metzger, Assistant United States Attorney ["AUSA"] and Criminal Chief Debra Barnett, AUSA Kim Flannigan, Systems Manager David Steeby, Litigation Support Specialist Paulette Boyd; and former Special AUSA ["SAUSA"] Erin Tomasic.

### III

### Governing Law

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas *ad testificandum* and *duces tecum* in advance of trials and hearings. "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). As a result, a broadly drafted production demand "not intended to produce evidentiary materials" but instead "merely a fishing expedition to see what may turn up" is "invalid." *Id*. at 221. Consistently, Rule 17(c)(2) provides in part that "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive."

Decisions following *Bowman* applied the following test to determine whether to enforce or quash a pretrial subpoena in a criminal case:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974) (footnote omitted).

The Tenth Circuit has distilled the *Nixon* test into an approach requiring the party defending a subpoena to "clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (internal quotation marks, brackets, and citation omitted); *see also United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006) (describing three requirements).

"The requirement of relevance serves to ensure that a subpoena is not used to circumvent Rule 16 [governing pretrial discovery in federal criminal cases]. *United States v. Castro-Motta*, No. 11-CR-00033-REB, 2012 WL 3400828, at *2 (D. Colo. Aug. 15, 2012). Thus, "vague, global requests . . . are patently inadequate to satisfy" the burden of justifying a subpoena. *Id*. "Conclusory statements do not establish relevance." *Abdush-Shakur*, 465 F.3d at 468.

Further, "only materials that are 'admissible as evidence' are subject to subpoena under the rule." *United States v. Cuthbertson*, 651 F.2d 189, 192 (3d Cir. 1981) (quoting *Bowman Dairy*, 341 U.S. at 221).

A subpoena also must be quashed when it is insufficiently specific. *Morris*, 287 F.3d at 991. In *Morris*, the Tenth Circuit held that the district court properly quashed a subpoena broadly seeking information about a government investigation when the demanding party did not specify

the precise items sought and was "unable to verify whether the requested material even exists."

*Id.* As Magistrate Judge O'Hara in this District has explained:

> To meet the specificity requirement, a subpoena must refer to specific documents or, at least, to specific kinds of documents. It is not enough that the documents have some potential of relevance and evidentiary use. There must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment, and a sufficient preliminary showing that ... [the requested material] contains evidence admissible with respect to the offense charged.

*United States v. Reed*, 2008 WL 4724437 (D. Kansas 2008) at *1.

Courts have also quashed subpoenas on other grounds. *United States v. Lansing*, No. 2:08-CR-558 TS, 2009 WL 321575, at *1 (D. Utah Feb. 9, 2009) (rejecting the argument "that the court may quash the subpoenas only if there is a showing that "compliance would be unreasonable or oppressive"). For example, Rule 17(h) provides in part that "[n]o party may subpoena a statement of a witness or of a prospective witness under this rule." Rather, such statements are governed by the restrictions in Fed. R. Crim. P. 26.2, which is similar to the so-called "*Jencks Act*," 18 U.S.C. § 3500. Similarly, a subpoena can be quashed on "other possible grounds . . . that are not listed in rule 17(c)(2), such as assertion of a privilege. *Lansing*, 2009 WL 321575, at *1.

### IV

### Argument

The legal principles described above require that special master's subpoena duces tecum/production order and testimonial subpoenas be quashed for a host of reasons.

**A. The Demanded Documents and Testimony Are Not Relevant to the Case and Controversy Before the Court.**

First, the demanded documents, materials, and testimony have no relevance to the case and controversy before the Court in *United States v. Black*. The documents and materials demanded by the subpoena *duces tecum* and production order pertain, *inter alia*, to the reaction inside the

United States Attorney's Office for the District of Kansas ["USAO"] to the district court's orders to retain, preserve and produce materials related to the investigation and prosecution of this case; the identity of certain digital USAO repositories; internal DOJ and USAO guidelines; the government's use of taint teams; internal USAO professional responsibility and ethics matters and other internal USAO communications, including concerning grand jury matters; the government's pre-litigation positions; internal USAO investigative conduct; and the handling of computer equipment inside the USAO. [Docket #317]. As reflected by the summaries of testimony sought, Exhibits 5A through 5G, the special master's testimonial subpoenas are intended to elicit testimony about internal USAO operations, communications, and decisions.

In contrast, the case before this Court involves contraband smuggling at CCA-Leavenworth. None of the demanded documents or testimony has any apparent bearing on the guilt of the defendants remaining in the case.[2] Nor does the subpoena identify any documents specific to any still-pending pretrial claim raised by the two defendants awaiting trial—Karl Carter and David Bishop—or to any sentencing claim by the two defendants awaiting sentencing—Lorenzo Black and Anton Aiono.[3] Indeed, none of the demanded documents, materials, or

---

[2] Of the six named defendants, judgment has been entered against Catherine Rowlette [Docket #212] and Alicia Tackett [Docket #264]. Defendants Lorenzo Black and Anton Aiono pled guilty [Docket #209, #233, #234] and are awaiting sentencing. Defendants Karl Carter and David Bishop are awaiting trial.

[3] On December 18, 2017, defendant Carter filed a motion to dismiss the indictment, alleging violations of his Fifth and Sixth Amendment rights based in part on assertions that recordings were made of meetings and telephone calls in which he discussed legal matters with counsel were shared with the government. [Docket #333]. The Special Master's subpoenas and testimonial demands do not focus on Carter's claims and there is no showing that Carter is unable to subpoena or seek in discovery admissible evidence in support of his own claims.

testimony relate in any way to the evidence against or any claimed constitutional violations asserted by and unresolved as to any defendant in this case.[4]

### B. Much of the Demanded Documentation and Testimony is Privileged and Inadmissible.

Second, much of the demanded documentation and testimony is inadmissible and outside the scope of Rule 17 by virtue of the work-product doctrine, and/or one of more of the following privileges – the attorney-client privilege; the law enforcement privilege; and the deliberative process privilege. The subpoena *duces tecum* and production order expressly demand production of internal USAO documents created in connection with the investigation and litigation of this case and related cases (*see, e.g.* Exhibit 4; demands #1, #2, #5, #6, #7, #8, #9, #11, #12, #13); legal guidance provided in internal Department of Justice ["DOJ"] communications (*see, e.g.*, Exhibit 4, demand #4); use of law enforcement investigatory tools (*see, e.g.*, Exhibit 4, demand #5); and internal pre-decisional deliberations (*see, e.g.*, Exhibit 4, demand #9). All of this documentation and testimony is privileged and thus inadmissible. *See, e.g. SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1203 (D.C. Cir. 1991) (explaining that when a federal prosecutor "prepares a document in the course of an active investigation focusing upon specific events and a specific possible violation by a specific party, [she] has litigation sufficiently 'in mind' for that document to qualify as attorney work-product"); *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 169-70 (2011) (recognizing that the government can invoke the attorney-client privilege); *United States v. Zingsheim*, 384 F.3d 867, 871 (7th Cir. 2004) ("The attorney-client privilege covers conversations

---

[4] It may be true that the subpoenaed documents and testimony have some relation to the special master's *investigation*, but Rule 17 does not permit pre-hearing investigation; the rule is a means of securing known evidence for presentation at a trial or hearing. There is no alternative statutory basis for the exercise of subpoena power in criminal case other than through the federal grand jury during its investigation.

between the prosecutors (as attorneys) and client agencies within the government."); *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981) (explaining that the law enforcement privilege "is based primarily on the harm to law enforcement efforts which might arise from public disclosure of . . . investigatory files . . . and bars disclosure of facts.") (citation and internal quotation marks omitted) (first ellipses in original); *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (explaining that the deliberative process privilege "allows the government to withhold documents and other materials that would reveal advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated") (citations and internal quotation marks omitted).

Similarly, the summaries of the testimony sought that are attached to the testimonial subpoenas reveal that the subpoenas are designed to elicit privileged and inadmissible information from the subpoenaed USAO employees. *See, e.g.*, Exhibit 5A (questions concerning internal USAO deliberations and decision-making in connection with *Black* litigation); Exhibit 5B (same); 5C (questions concerning grand jury investigative strategy); 5D (questions about grand jury strategy and legal advice); and 5E (questions about USAO litigation strategy).

Some privileges must, of course, "yield to the demonstrated, specific need for evidence in a pending criminal trial." *Nixon*, 418 U.S. at 713. The government recognizes its obligation to disclose certain privileged information in compliance with its duties under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), the *Jencks Act*, 18 U.S.C. § 3500, and the Federal Rules of Criminal Procedure. But the applicable privileges do not yield here for at least two reasons. First, the Special Master, as an arm of the Court, is not seeking the privileged information as a representative of any of the defendants in this case. There is simply no suggestion that the Special Master needs access to the information in order for the Court to adjudicate the

claims of the parties in this case. Second, the categories of information sought here would not ordinarily be subject to disclosure in any criminal case. Even if the defendants in this case had requested the subpoenas, the defendants could not "demonstrate[ ]" a "specific need" for information regarding internal USAO communications, decision-making, and operations. *Nixon*, 418 U.S. at 713.

### C. The Special Master's Subpoenas are Not Specific.

The special master is conducting an investigation, not seeking specific admissible evidence for use in in a hearing related to this case as Rule 17 requires. This is borne out by the demands in subpoena *duces tecum*/production order and the testimonial subpoenas, which describe only broad, unfocused categories of information, and do not identify specific evidentiary items.

### D. The Special Master's Subpoena Duces Tecum/Production Order Violates Rule 17(h).

Many of the demands in the special master's subpoena *duces tecum* are directed toward documents consisting of internal USAO communications. *See, e.g.*, Exhibit 4 at requests #1, #2, #6, #7, #8, #9, 12, #13. Any written statements that fall within the broad categories described by the subpoenas are governed by Rule 26.2, and thus outside the scope of a Rule 17 subpoena. Fed. R. Crim. P. 17(h).

### E. The Special Master's Subpoenas are Invalid Because the Special Master's Court-Ordered Investigation is Outside the Scope of the Court's Authority.

For the reasons explained in the Memorandum of Points and Authorities in the "Government's Motion to Terminate 'Phase III' of the Special Master's Investigation,"

incorporated herein, the Court lacks authority to conduct the Phase III investigation, either directly, or through a special master. This renders the special master's subpoenas invalid.

## V

## Conclusion

For the reasons set out above, the government respectfully requests that this Court quash the special master's subpoena *duces tecum* and testimonial subpoenas and vacate the special master's Order of Production.

**Certificate of Service**

I hereby certify that on the 18th day of December, 2017, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

>*S/Deanna Lieberman*
>Deanna Lieberman
>Paralegal Specialist
>United States Attorney's Office
>Northern District of New York