IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-20032-06-JAR |
| | ) | |
| DAVID BISHOP, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**RESPONSE IN OPPOSITION TO
DEFENDANT BISHOP'S MOTION TO JOIN PRETRIAL MOTIONS**

The United States of America, by and through Assistant United States

Attorney James A. Brown, hereby responds to the "Motion to Join Pretrial

Motions" filed by Defendant David Bishop as Document 339 in the instant case.

The government suggests that the motion be denied for the reasons set forth below.

Defendant seeks to join motions filed by codefendants in this case for

witness subpoenas and subpoenas duces tecum filed by the Federal Public

Defender.  (Doc. 339 at 1.)  Specifically, Defendant asks to join motions on file

with this Court as Documents 318, 319, 324, 325, and 330.  (*Id.*)

The government has already opposed the motions for subpoenas filed by the

Federal Public Defender, which Defendant now seeks to join.  On December 18,

2017, the government filed a Motion to Quash Subpoenas Issued by the Federal

1

Public Defendant, setting for grounds for quashing the subpoenas.  (*See* Doc. 334, Govt.'s Mot. to Quash Subpoenas Issued by the Federal Public Defender ("motion to quash").)  Defendant's instant motion to join the motions filed by the Federal Public Defendant makes Defendant subject to the government's motion to quash. The government hereby incorporates the arguments and authorities made in the government's motion to quash herein, and moves that this Court deny Defendant's instant motion on the same grounds and for the same reasons asserted by the government in support of its motion to quash.

In addition to the arguments made in the government's motion to quash, the government presents additional arguments specific to Defendant's instant motion. Defendant claims that "the requested material is relevant and necessary to Mr. Bishop's litigation, including his Motion to Suppress filed December 18, 2017" (Doc. 339, at 1), which is on file as Document 338 in the instant case.  (*See* Doc. 338.)  This argument is without merit.

First, Defendant does not explain how the requested material is relevant and necessary to this Court's resolution of Defendant's motion to dismiss.  On this basis, this Court should deny Defendant's motion to join because he does not show that the requested materials are relevant to his case as required under Rule 17 of the Federal Rules of Criminal Procedure, or that the discovery provided to him by the government pursuant to Rule 16 is deficient in any regard.

Second, the requested material is neither relevant nor necessary to this Court's resolution of Defendant's motion to suppress. Defendant's motion to dismiss is based on a challenge to a search warrant procured by officers as a basis to search his residence, where officers located numerous incriminating items. (Doc. 338, at 6-13.)

Defendant does not explain why he needs additional materials to litigate this claim. The Special Master has opined that the requested materials are relevant regarding the claims of codefendants that:

> (1) the USAO knew of, and failed to demand cessation of, CCA's ongoing recording of inmate-attorney telephone calls and meetings in inmate-attorney conference rooms; (2) USAO listened to and viewed these recordings for use in the Office's investigations and litigation; (3) USAO destroyed the only computer containing evidence that would support or dispute such claims; and (4) USAO failed to cooperate with the Special Master in producing for his examination the available electronic records most likely to either support or cast doubt on the Defendants' Fifth and Sixth Amendment claims.

(Doc. 350, at 5-6.)

The government posits that none of these claims need to be resolved before this Court can resolve Defendant's motion to suppress, and any requested materials bearing on these claims is therefore irrelevant. Such materials are irrelevant because Defendant's motion to suppress is fully resolvable by this Court based on its own facts, without regard to how the government has acted in other cases and

without further information regarding the claims raised by codefendants in this case.

Indeed, to resolve Defendant's motion to suppress, this Court need only determine whether the search warrant used by officers to search Defendant's residence satisfied the Fourth Amendment's warrant requirement; and if it did not, whether the good-faith exception applies.  Both of these questions can be resolved based on the facts in this case, irrespective of the concerns raised by the codefendants and the Special Master with regard to the government's conduct in other cases.

Therefore, because the materials requested by defendant in his motion to join are irrelevant and unnecessary to resolution of his case, or his motion to dismiss, this Court should deny Defendant's motion to join.

Respectfully submitted,

THOMAS E. BEALL
Acting United States Attorney

/s/ *James A. Brown*
James A. Brown #14254
Assistant United States Attorney
444 SE Quincy Ave., Ste. 290
Topeka, KS  66683
Tel:  785-295-7683
James.Brown2@usdoj.gov

4

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 29, 2017, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system, which will

send a notice of electronic filing to the counsel of record in this case.


<u>/s/ *James A. Brown*</u>
James A. Brown #14254
Assistant United States Attorney