# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  <br> ) <br> **Plaintiff,** ) <br> ) <br> v.     ) <br> ) <br> **LORENZO BLACK,** ) <br> **KARL CARTER,** ) <br> **ANTHON AIONO,** ) <br> **ALICIA TACKETT,** ) <br> **CATHERINE ROWLETTE, and** ) <br> **DAVID BISHOP,** ) <br> ) <br> **Defendants.** ) | **Case No. 16-CR-20032-JAR** <br><br> **Government's Response to Federal Public Defender's Motion for an Order Lifting the Court's Stay of Order of Production** |

The United States of America, by and through its counsel of record, Assistant United States Attorney Steven Clymer, appointed as Special Attorney pursuant to 28 U.S.C. § 515 to represent the United States in connection with Phase III of the Special Master Investigation, hereby responds to and opposes a motion by the Federal Public Defender ["FPD"] to lift this Court's previously-issued stay of an order of production by the court-appointed special master dated December 4, 2017 and directed to the United States[Docket #317].[1]

---

[1] The FPD motion also moves this Court to lift a stay of compliance as to an FPD-requested order of production dated December 6, 2017, directed to CoreCivic (formerly Corrections Corporation of America, or "CCA") requiring document production by January 29, 2018. [Docket #329]. It is the government's understanding that, despite the present FPD motion, CoreCivic already has provided the requested documents to the special master.

1.      On December 4, 2017, in advance of a hearing scheduled for January 18, 2018 (which was later cancelled), the special master issued an order demanding production of specified documents, materials, and information from the United States on January 2, 2018. [Docket #317].[2]

2.      On December 18 and 19, 2017, the government filed motions to vacate the special master's production order and to quash various special master and FPD subpoenas. [Docket #334, #335, #340, #341].

3.      On December 21, 2017, this Court issued an order stating in part: "The following are stayed: compliance with the Court's Order for Production on December 29, 2017 (Doc. 329);. . . compliance with the Special Master's Order for Production on January 2, 2018 (Doc. 317); and compliance with the Special Master's Subpoena *Duces Tecum* requiring production on or before January 2, 2018." This order remains in place. Neither the special master nor the FPD sought reconsideration or offered an argument explaining why the Court's order was in error.

4.      The FPD's present motion should be denied for the following reasons:

    a.  The Court issued its order staying compliance after its review of the special master's production order, his identical subpoena *duces tecum* directed to the government, and the government's motions to vacate and quash those demands. The government is confident that the Court made a considered decision to issue the stay of compliance. The FPD has not alleged, much less established any error in the Court's order. Nor has it suggested, much less shown that there have been intervening relevant legal developments or a change in circumstances. In fact, there has

---

[2] At approximately the same time, the special master also served on the government a subpoena *duces tecum* demanding production by January 2, 2018, of exactly the same documents, materials and information as demanded by the production order. More recently, on April 23, 2018, the special master served on Thomas Beall, the First Assistant United States Attorney for the District of Kansas, another subpoena *duces tecum*, again demanding that essentially the same documents, materials, and information be produced at a hearing now set for May 15, 2018. Along with this response, the government is filing a motion to quash this new subpoena.

been none.  The only change has been postponement of the hearing from January 18, 2018 to May 15, 2018.  Accordingly, there is no sound reason to reverse course now.  The FPD offers none.³

       b.  The government's original reasons for moving to quash and vacate remain in force.  They will not be repeated here but are set out in the memoranda in support of the government's original motions to vacate and quash [Docket #334, #335, #340, #341], and in a motion to quash a new special master subpoena dated April 23, 2018, filed along with this response.

       c.  The FPD motion comes too late in the day.  Not filed until May 2, 2018, it demands by May 8, 2018, the gathering and production of voluminous documents, materials, and information.  No reason is offered for why the FPD did not make this motion sooner -- any time between issuance of the Court's order in December 2017 and shortly before the hearing.  The demanded materials cannot be collected in time to comply.  Further, if the stay of compliance is lifted, the government cannot make production without first determining whether authorization is forthcoming under the regulations set out a 28 C.F.R. § 1621-16.28.  That process cannot be completed in time to satisfy the FPD's demanded production date.

---

³ Defendant Bishop moved to join the FPD motion to lift the stay without explanation or argument. [Docket #452]  The demanded documents have no bearing on any issue relevant to Bishop's case.

Accordingly, the government respectfully requests that this Court's order remain in place.

                                       Respectfully submitted,

                                       Steven D. Clymer
                                       Assistant United States Attorney
                                       Special Attorney for the United States

**Certificate of Service**

I hereby certify that on the 7th day of May, 2018, the foregoing was electronically filed with the clerk of the court for the District of Kansas using the CM/ECF system, which will send a notice of electronic filing to all counsel.

*S/Deanna Lieberman*
Deanna Lieberman
Paralegal Specialist
United States Attorney's Office
Northern District of New York
